**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Demon RAMEY, Defendant–Appellant.**

**No. 02–3184.**

United States Court of Appeals,
Sixth Circuit.

Dec. 13, 2002.

Before BATCHELDER and MOORE,
Circuit Judges; and COLLIER, District
Judge.*

*ORDER*

Demon Ramey appeals the sentence imposed upon his conviction. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Ramey pleaded guilty on August 16, 2001, to conspiring to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The probation officer calculated Ramey's guidelines range of imprisonment as 121 to 151 months, based on an offense level of 31 and a criminal history category of II. At sentencing, defense counsel argued that Ramey's criminal history category over-represented his criminal history and requested the district court to depart downward. The district court judge, Chief Judge Walter H. Rice, denied the request and sentenced Ramey to 121 months in prison on the narcotics charge, to be served concurrently to a sentence of 120 months on the firearm charge.

In his timely appeal, Ramey argues that the action should be remanded because Chief Judge Rice was unaware of his authority to depart downward.

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

At sentencing, defense counsel noted that Ramey's criminal history category would have been lower if Ramey had not been finishing a term of probation at the time of the instant offense. Counsel alleged that Ramey "had been offered to terminate that probation at an earlier time," but he "was getting along so well with his probation officer he simply did not terminate it as quickly as he could have." Had Ramey terminated it earlier, he would not have been on probation at the time of the instant offense. Chief Judge Rice construed counsel's argument as a request "to depart downward by one criminal history level on the grounds that the criminal history category of two, significantly overstate[d] Ramey's past criminal history and likelihood of recidivism." The judge then said, "I simply feel that I cannot make such a conclusion and would decline to do so." Based upon this statement, appellate counsel contends that the judge was unaware of his authority to depart downward.

A district court has the discretion to depart downward from the guidelines range where "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes" or where there is a mitigating factor not adequately taken into account in the Sentencing Guidelines. USSG §§ 4A1.3 and 5K2.0. However, a district court's discretionary refusal to depart downward generally is not reviewable, unless the district court mistakenly believed it did not have legal authority to depart downward. *United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir. 2000). The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *United States v. Owusu,* 199 F.3d 329, 349 (6th Cir.2000).

Where the record does not provide any reason to doubt that the district court properly understood its discretion, this court will assume that the district court did understand its discretion. *United States v. Ford,* 184 F.3d 566, 585 (6th Cir.1999).

Chief Judge Rice was clearly aware of his discretion to depart. In his statement, he denied counsel's request on the merits, not on the basis of lack of authority. There is no ambiguity in his statement. Furthermore, Chief Judge Rice expressly informed Ramey of his discretion to depart downward during the plea hearing. As Chief Judge Rice was aware of his discretion, his refusal to depart downward is not reviewable.

Accordingly, the district court's judgment is affirmed.